RITA ONEIL
PETITIONER

v.

UNITED STATES

CASE NO. 10-cr-00203

RECEIVED
USDC CLERK, FLORENCE/SC
2013 MAY 29 A 10 45

TERRY L. WOOTEN
U.S. DISTRICT JUDGE

DENIED

## MOTION FOR ABEYANCE OF THE FILING OF DEPIERRE CLAIM

NOW COMES, The Defendant, Rita Oneil humbly requesting taht this Honorable Court allow the filing of **Depierre Claim** be held in abeyance, due to the prior submissions relative:

On **Depierre**, the Court created a new substantive rule that held that "cocaine base" as used in the statue includes all forms of 'base cocaine meaning crack [processed with baking soda], free base [processed with ammonia], any other 'base' form of cocaine, as distinguished from cocaine hydrochloride [the typical power cocaine composition]. Therefore, going forward a District Court can only consider a penalty enhanced by section 841(b)(1)(A)(iii) of the Controlled Substance Act of 1987.

In other words **Depierre** narrowed the scope of 21 U.S.C. § 841 by interpreting the term "cocaine base" in 21 U.S.C. § 841(b)(iii) to decriminalize certain individuals who would otherwise have been aggravated violater under 841---it altered the class of persons that the law punishes." See **Schriro,U.S. at 353, (there is no issue of retroactivity)** See Dixon v. Miller, 293 F.3d 74, 79, 2nd Cir. 2002.

These substantive rules are applied retroactively because they "necessarily carry a signficant risk that a defendant stands convicted of an act that the law cannot impose upon him." **Schriro**, 542 U.S. at 352. See Saffle v. Parks, 494 U.S. 484, 494, 1990.

The one year window for the filing of a **Depierre Claim** is quickly closing as **Depierre** was decided on June 9, 2011. **See Dodd v. United States, 545 U.S. 353, 354-55, 2005.**

THEREFORE, The Said Defendant humbly ask that this motion be granted and time clock be stopped until all relative submissions relating to Defendant's appeals and resentencing is completed.

Respectfully Submitted

*Rita Oneil*

May 24, 2012

RITA ONEIL