IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Rita Marshal O'Neil,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:10-cr-00203-TLW-7<br>C/A No. 4:16-cv-01576-TLW<br><br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Rita Marshal O'Neil. For the reasons stated below, the Court dismisses the petition.

## I.    Factual and Procedural History

Petitioner pled guilty to a drug conspiracy charge and was sentenced to 121 months imprisonment, which was the bottom of her guideline range after a one-level downward variance.[1] ECF No. 667. She filed a direct appeal, but the Fourth Circuit affirmed. *United States v. Oneil*, 542 F. App'x 225 (4th Cir. 2013). She then filed a petition for a writ of certiorari, which the Supreme Court denied on April 21, 2014. *Oneil v. United States*, 134 S. Ct. 1911 (2014).

On May 13, 2016,[2] Petitioner filed this petition under 28 U.S.C. § 2255, asserting that "she

---

[1] She was originally sentenced to 135 months, but after the Fourth Circuit remanded the case in light of the Fair Sentencing Act and *Dorsey v. United States*, 567 U.S. 260 (2012), the Court resentenced her to 121 months. *See* ECF Nos. 403, 565, 610. The Court subsequently reduced Petitioner's sentence to 110 months pursuant to Amendment 782 to the sentencing guidelines. ECF No. 840.

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988).

1

was improperly treated as a career offender pursuant to Johnson v. U.S." ECF No. 892 at 4. She then filed a document entitled, "Motion to Include Additional Information and Ground for 28 U.S.C. 2255 for Amendment Change to 794," in which she moved to amend her petition to assert that she should receive the benefit of Amendment 794 to the sentencing guidelines.[3] ECF No. 895. The Government filed a response and a motion to dismiss, asserting that the petition should be denied as untimely, as procedurally defaulted, and on the merits, ECF Nos. 923, 924, and she then filed a response to the Government's motion, ECF No. 945.

This matter is now ripe for decision.

## II. 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a petition in the court that imposed the sentence to vacate, set aside, or correct the sentence. A petitioner is entitled to relief under § 2255 if she proves by a preponderance of the evidence one of the following: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam). "The scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *Leano v. United States*, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting *United*

---

[3] Her motion to amend her petition to allege this additional claim is **GRANTED**.

*States v. Mikalajunas*, 186 F.3d 490, 495–96 (4th Cir. 1999)).

In deciding a § 2255 petition, a court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se filings, and finds that no hearing is necessary.

## III. Standard of Review

Petitioner brings this petition pro se. Courts are required to liberally construe pleadings filed by pro se litigants to allow for the development of potentially meritorious claims. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). These pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, "[t]he 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## IV. Discussion

### A. Timeliness under AEDPA

The Government argues that Petitioner's § 2255 petition should be dismissed as untimely. The Court agrees.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a § 2255 petition must be filed within one year of the latest of the following dates:

 (1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

### 1. *§ 2255(f)(1)*

Petitioner's motion is untimely under § 2255(f)(1). Her one-year statute of limitations began to run on April 21, 2014, the date the Supreme Court denied her cert petition. Thus, under § 2255(f)(1), she had one year—until April 21, 2015—in which to file her § 2255 petition. However, she did not file her petition until May 13, 2016—more than one year too late. Accordingly, the Court finds that her petition is untimely pursuant to § 2255(f)(1).

### 2. *§ 2255(f)(2)*

The Court does not find that any triggering date set forth in § 2255(f)(2) applies to this case. Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented her from filing her petition. Accordingly, the Court concludes that her petition is untimely pursuant to § 2255(f)(2).

### 3. *§ 2255(f)(3)*

The Court does not find that any triggering date set forth in § 2255(f)(3) applies to this case. Petitioner asserts that she is entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016), but for the reasons discussed

below, those decisions are inapplicable to her case. Because she has not established that any right newly recognized by the Supreme Court applies to her case, the Court concludes that her petition is untimely pursuant to § 2255(f)(3).

    **4.**    *§ 2255(f)(4)*

The Court does not find that any triggering date set forth in § 2255(f)(4) applies to this case. Petitioner does not allege, much less establish, that there are any facts affecting her case that she could not have previously discovered through the exercise of due diligence. Accordingly, the Court finds that her petition is untimely pursuant to § 2255(f)(4).[4]

    **B.**    **Procedural Default**

The Government also correctly asserts that Petitioner has procedurally defaulted any claim regarding her guideline calculation by failing to raise the issue at sentencing or on appeal, and she has not shown cause and prejudice, or actual innocence, to excuse the default. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

    **C.**    **Merits**

Even if Petitioner's § 2255 petition were timely filed and were not procedurally defaulted, she would not be entitled to relief on the merits. She asserts that "she was improperly treated as a career offender pursuant to Johnson v. US," ECF No. 892 at 4, referring to the Supreme Court's

---

[4] Petitioner also asserts that the doctrine of equitable tolling applies to this case. *See* ECF No. 945-1 at 2. However, there is no basis to apply the doctrine here, as she was not prevented from asserting her claim by some kind of wrongful conduct by the Government and there were no extraordinary circumstances beyond her control that made it impossible to file the claim on time. *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

2015 decision invalidating the Armed Career Criminal Act's residual clause. *See Johnson*, 135 S. Ct. at 2563. In her memorandum in support of her petition, she asserts, verbatim, as follows:

> (3) The Sentencing Guidelines provided for an enhanced sentence for a defendant such as Movant, who was convicted of a Federal drug offense, if he or she was found to be a "career criminal" according to previous convictions. The Government filed a 21 U.S.C. Section 851, thereby, causing Ms. O'Neil to be subjected to being sentenced under the U.S. Sentencing Guidelines Section 4B1.1.
>
> (4) The district court has found the petitioner to be a "career offender" based upon her previous convictions. Petitione has five or more prior offenses that were either a controlled substance offense or what was classified as being "crimes of violence", as identified and defined under U.S.S.G. Section 4B1.2(a). This section of the Guidelines contain the identical "residual clause" found in 18 U.S.C. Section 924(e)(B)(ii) and now has been overturned.

ECF No. 892-1 at 2–3. In the Government's response, it asserts that it "has reviewed Petitioner's PSR and it has no idea what Petitioner is talking about." ECF No. 923 at 7. Neither does the Court.

Petitioner was not sentenced as a career offender. Her advisory guideline range was calculated at 135 to 168 months based on the drug weight for which she was held accountable and her criminal history category, neither of which she disputes. Though the statutory maximum sentence she could have received changed from 20 to 30 years in light of the Information filed by the Government pursuant to 21 U.S.C. § 851, this had no impact on her guideline range or her ultimate sentence, as both were below the statutory maximum that would have applied absent the § 851 enhancement.

To receive a guideline enhancement for being a career offender, a defendant must have two prior felony convictions for a crime of violence or a controlled substance offense. *See* U.S. Sentencing Guidelines Manual § 4B1.1(a)(3) (U.S. Sentencing Comm'n 2016). Petitioner only had one: a 2007 conviction for possession with intent to distribute powder cocaine. *See* PSR ¶ 41. Thus, because she did not have the required two predicate convictions, her guideline range was

6

not enhanced under the career offender provision.[5]

Petitioner is also not entitled to relief based on her argument regarding Amendment 794. That amendment to the sentencing guidelines revised the application notes to § 3B1.2 in order to clarify when the minor role reduction applies. Amendment 794 went into effect on November 1, 2015. *See* U.S.S.G. § 3B1.2 cmt. historical note. By then, her case had been final for over 18 months. She has not cited any authority (nor is the Court aware of any) for the proposition that Amendment 794 applies retroactively to a case that has become final. Accordingly, she is not entitled to relief on the merits of her claim regarding Amendment 794.

## V. Conclusion

For the reasons stated, the Government's Motion to Dismiss, ECF No. 924, is **GRANTED**, and Petitioner's petition for relief pursuant to § 2255, ECF No. 892, is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that she "has made a substantial showing of the denial of a constitutional right." The Court concludes that she has not made such a showing, and it is therefore not appropriate to issue a

---

[5] The Court also notes that even if Petitioner were correct about an incorrect application of the career offender provision, she still would not be entitled to relief because an erroneous application of the sentencing guidelines, including a career offender designation, is not cognizable on collateral review pursuant to § 2255. *See United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015); *United States v. Mikalajunas*, 186 F.3d 490, 496–97 (4th Cir. 1999).

Furthermore, the Supreme Court has concluded that *Johnson* does not apply to the sentencing guidelines. *See Beckles v. United States*, 137 S. Ct. 886, 895 (2017).

certificate of appealability as to the issues raised in this petition. Petitioner is advised that she may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

    **IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

October 5, 2017
Columbia, South Carolina